JENNY M. MORF, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Susan M. Dunaway, OSB No. 970506
Assistant County Attorneys
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone:  (503) 988-3138
Facsimile:  (503) 988-3377
Internet email Address: susan.m.dunaway@multco.us
      Of Attorneys for Defendant Multnomah County and Dan Staton

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **JOSEPH CUNNINGHAM, Individually, on behalf of a class of others similarly situated,** | Civil No. 3:12-CV-01718-ST |
| Plaintiff(s), | DEFENDANTS MULTNOMAH COUNTY AND DAN STATON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT |
| v. | |
| **MULTNOMAH COUNTY, DAN STATON, both individually and in his official capacity as Sheriff** | |
| Defendants. | |

Defendants Multnomah County and Dan Staton, by and through their undersigned

Assistant County Attorney, in response to Plaintiff's Complaint admits, denies, and alleges as

follows:

/// /// ///

/// /// ///

/// /// ///

Page 1 – DEFENDANTS MULTNOMAH COUNTY AND DAN STATON'S ANSWER AND
      AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1.

Defendants admit the allegations contained in paragraphs 1, 2, and 5.

2.

Defendants deny the allegations contained in paragraphs 4, 8, 9, 10, 11, 12, 17, 30, 31, 32, 33, 34, 36, 38, 39, 41, 42, 43, 46, 47, 49, 50, 51, 53, and 54.

3.

Defendants are without sufficient knowledge as to the truth, meaning or context of the allegations contained in paragraphs 6, 7, 13, 14, 15, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, and 37.

4.

Defendants admit and deny the allegations of paragraphs 35, 45, and 48.

5.

In regard to Plaintiffs' "Introduction" to the Complaint, Defendants admit that there are strip searches for inmates following kitchen duty, but deny that any policies, procedures, or practices related to strip searches violate any of the Plaintiff's constitutional rights, and that neither ABA standards nor OAR regulations apply to County policies, and deny each and every other allegation not specifically admitted.

6.

In regard to paragraph 3, Defendants admit that Joseph Cunningham is a Plaintiff, but deny each and every allegation not specifically admitted.

7.

In regard to paragraph 16, Defendants admit that this Complaint seeks equitable relief, but the Defendants are without information regarding the other allegations in this paragraph and therefore deny the same.

/// /// ///

Page 2 – DEFENDANTS MULTNOMAH COUNTY AND DAN STATON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

8.

In regard to paragraph 24, Defendants admit that the Sheriff's Office has a constitutional strip search policy for inmates who participate in kitchen duty and deny that it is or was unconstitutional, and deny each and every other allegation not specifically admitted.

9.

In regard to paragraph 29, Defendants deny that either ABA standards or OAR provisions are the standards applicable to policies and procedures in Multnomah County and therefore deny each and every allegation in this paragraph.

10.

In regard to paragraph 40, Defendants admit that Sheriff Staton is responsible for establishing policies and procedures in Multnomah County jails and deny each and every other allegation not specifically admitted.

11.

In regard to paragraph 44, Defendants admit that Sheriff Staton is the final policy maker for Multnomah County jails and denies each and every other allegation not specifically admitted.

12.

In regard to paragraph 52, Defendants admit that Plaintiff is making the demand set forth in this paragraph, but deny that Plaintiff's demand should be met by this Court.

/// /// ///

/// /// ///

/// /// ///

Page 3 – DEFENDANTS MULTNOMAH COUNTY AND DAN STATON'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

13.

In regard to paragraph 55, Defendants admit that Plaintiff is entitled to a jury trial for the First Claim, but deny that Plaintiff is entitled to a jury trial on the Second and Third "Causes of Action" (Claims for Relief).

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, DEFENDANTS MULTNOMAH COUNTY AND SHERIFF STATON ALLEGE AS FOLLOWS:

14.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim - Federal)

Plaintiff's claims for relief fail to state a claim upon which relief may be granted.

15.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

With respect to Plaintiff's constitutional claims, all actions and events occurring outside the statute of limitations are barred by the statute of limitations.

16.

### THIRD AFFIRMATIVE DEFENSE
### (Qualified Immunity – Law Unsettled)

Plaintiff's claims are based upon actions of Defendant Staton about which the law was unsettled at the time and are therefore barred by the Doctrine of Qualified Immunity.

/// /// ///

/// /// ///

/// /// ///

Page 4 – DEFENDANTS MULTNOMAH COUNTY AND DAN STATON'S ANSWER AND
        AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

17.

## FOURTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

Plaintiff's claims are barred because no reasonable jail administrator or law enforcement deputy could have believed that, in light of clearly established law and the information the defendants possessed, their conduct was unlawful.

18.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred by the doctrine requiring plaintiff to first exhaust administrative remedies and plaintiff has failed to do so.

19.

## SIXTH AFFIRMATIVE DEFENSE
### (Respondeat Superior)

Multnomah County cannot be held liable under 42 USC Section 1983 for the allegedly tortuous acts of individuals.

20.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages against Municipalities for Section 1983 Claims)

Plaintiff is barred from seeking punitive damages against Multnomah County for claims brought under 42 USC Section 1983.

Defendants reserve the right to add further affirmative defenses as discovery commences.

WHEREFORE, defendant Multnomah County prays as follows:

1.      That plaintiff's Complaint be dismissed with prejudice in its entirety;

/// /// ///

Page 5 – DEFENDANTS MULTNOMAH COUNTY AND DAN STATON'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

2.      That defendant Multnomah County recover their reasonable costs, disbursements and attorney fees incurred herein; and

3.      That defendant Multnomah County be granted such other and further relief as may be just and equitable.

DATED this 21st day of December, 2012.

Respectfully submitted,

JENNY M. MORF, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

**/s/ Susan M. Dunaway**

Susan M. Dunaway, OSB No. 970506
Assistant County Attorney
   Of Attorneys for Defendant Multnomah County and
   Dan Staton

Page 6 – DEFENDANTS MULTNOMAH COUNTY AND DAN STATON'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT